IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-40623
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID MARTINEZ-CEREZO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-633-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Martinez-Cerezo (Martinez) pleaded guilty to being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g), and using a firearm during a drug-trafficking crime, in violation of 18 U.S.C. 924(c). He appeals the 168-month consecutive sentence he received on the § 924(c) count, arguing that such sentence is unreasonable. He contends that he should have received a 10-year consecutive sentence, pursuant to § 924(c) and U.S.S.G. § 2K2.4(b), and that the district court's upward variance was not justified.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's non-guidelines sentence is reviewed for unreasonableness, using an abuse-of-discretion standard. See Gall v. United States, 128 S. Ct. 586, 596 (2007). Martinez has abandoned by failing to brief any argument that the district court committed procedural errors in calculating, selecting, or explaining the reasons for the sentence imposed. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). This court's review is thus confined to whether the sentence is substantively unreasonable. See Gall, 128 S. Ct. at 596.

Martinez argues that the § 924(c) sentence is unreasonable because the variance was not warranted, especially as he had no criminal history points, citing the application notes to § 2K2.4(b). To the extent that Martinez contends that a variance in a § 924(c) case is authorized only on the basis of a defendant's criminal history being underrepresented, the argument is without merit. See § 2K2.4, comment. (n.2(B)); see also United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005).

The district court properly relied on the § 3553(a) factors to impose a variance in this case. It specifically relied on the nature and circumstances of the offense, which it found to be "outrageous" and "horrendous," involving Martinez and his codefendant firing 17 shots at a vehicle in a Wal-Mart public parking lot during a busy holiday shopping season. See § 3553(a)(1). The district court also relied on the characteristics of the defendant, noting that Martinez was a self-admitted paid assassin for a violent Mexican drug cartel. See § 3553(a)(1). The court additionally relied on the need to protect the public and for just punishment given the seriousness of the offense, noting that the true nature of Martinez's offense was attempted murder or conspiracy to commit murder, and it used the guidelines calculation for such offense as the basis for the variance. See §§ 3553(a)(2)(A) and (a)(3).

Martinez makes no argument that the district court's consideration of the § 3553(a) factors was improper, and he has failed to show that the sentence

imposed was unreasonable.  See Yohey, 985 F.2d at 224-25; see also See Gall, 128 S. Ct. at 597.  Accordingly, the district court's judgment is AFFIRMED.